**RAMZY P. LADAH**
Nevada Bar No. 11405
**JOSEPH C. CHU**
Nevada Bar No. 11082
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIA MATA, | Case No.: 2:23-cv-01788-JAD-EJY |
| Plaintiff, | |
| vs. | **PROPOSED JOINT PRE-TRIAL ORDER** |
| SMITH'S FOOD & DRUG CENTERS, INC. dba SMITH'S FOOD & DRUG; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | |
| Defendants. | |

The parties, by and through their undersigned counsel, hereby submit this Joint Pretrial Order pursuant to Local Rule 16-3. After pretrial proceedings in this cause,

IT IS ORDERED:

## I.

### STATEMENT OF THE FACTS/CONTENTIONS OF THE PARTIES

This is an action for personal injuries arising from a trip-and-fall incident that occurred on September 12, 2021. Plaintiff contends that as a result of the alleged incident, she incurred significant injuries with incurred medical specials totaling **$167,769.64**. Defendant contends it was not liable for the subject incident, and that Plaintiff's injuries and post-incident treatment were not caused by the subject incident.

. . .

. . .

. . .

## II.

## STATEMENT OF JURISDICTION

This action was removed to this Court on November 2, 2023. Removal was proper pursuant to 28 U.S.C. §1441, because the amount in controversy exceeds $75,000; the suit involves a controversy between a citizen of Nevada and none of the properly joined Defendants are based in Nevada.

## III.

## THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF:

1. Venue is proper.

2. The Court has subject matter jurisdiction to preside over this action.

3. Defendant owed a duty of care to Plaintiff based on her status as a patron on its premises.

4. Plaintiff tripped and fell over a pallet on the floor while shopping on Defendant's premises.

5. The parties do not know how long the condition upon which Plaintiff tripped existed prior to the subject incident.

## IV.

## THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY:

1. None.

## V.

## THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL.

1. Whether Defendant should have removed or otherwise alleviated the presence of the pallet on the floor of its premises.

2. Whether Plaintiff's own actions or inactions caused or contributed to occurrence of the subject incident.

3. What, if any, is the reasonable amount of Plaintiff's reasonable and necessary medical expenses arising out of the subject incident.

4.  What, if any, is the reasonable amount of plaintiff's pain and suffering damages arising out of the subject incident.

## VI.

## THE FOLLOWING ARE THE ISSUES OF LAW TO BE TO BE TRIED AND DETERMINED AT TRIAL.

[Each issue of law must be stated separately and in specific terms.]

1.   Whether the pallet on the floor of Defendant's premises constituted a hazardous condition.

2.  Whether Defendant had notice, actual or constructive, of the presence of the pallet upon which Plaintiff tripped.

3.  Whether the presence of the pallet on the floor of Defendant's premises constituted a breach of Defendant's duty owed to Plaintiff.

4.  Whether Plaintiff was comparatively negligent for the occurrence of the subject incident.

5.  Whether the subject incident was a proximate cause of Plaintiff's claimed injuries and damages.

## VII.

## EXHIBITS THAT WILL BE OFFERED INTO EVIDENCE

**1.  Plaintiff's Exhibits**

| | EXHIBITS | BATES NOS. |
|---|---|---|
| 1. | Plaintiff's Complaint | PLTF 0001-0005 |
| 2. | Incident Report | PLTF 0006-0008 |
| 3. | Photographs (8) of Plaintiff's Injuries | PLTF 0009-0015 |
| 4. | Photograph (1) of Plaintiff's Shoes | PLTF 0016 |
| 5. | Medical records and billing from ALIGN CHIROPRACTIC for dates of service 9/15/21-5/2/22 | PLTF 0017-0104 |
| 6. | Medical records and billing from NEVADA SPINE CLINIC for dates of service 11/18/21-9/8/22 | PLTF 0105-0196 |
| 7. | Medical records and billing from SMOKE RANCH SURGERY CENTER for dates of service 4/14/22-6/16/22 | PLTF 0197-0246 |
| 8. | Medical records, billing and imaging from PRECISION DIAGNOSTIC IMAGING for date of service 5/12/22 (imaging available at the expense of the requestor) | PLTF 0247-0253 |
| 9. | Medical records, billing and imaging from SIMON MED IMAGING for dates of service 11/17/21-1/12/22 (imaging available at the expense of the requestor) | PLTF 0254-0280 |
| | Billing from LIEN RX LLC for date of service 2/23/22 | PLTF 0281-0282 |

LADAH LAW FIRM

|     | Billing from CVS PHARMACY for dates of service 12/29/21-4/9/22 | PLTF 0283-0285 |
|-----|---------------------------------------------------------------|----------------|
| 5.  | Initial expert report of John Peterson, CSHM                  | PLTF 0286-0324 |
| 6.  | Curriculum Vitae, fee schedule & prior testimony history of John Peterson, CSHM | PLTF 0325-0378 |
| 7.  | Curriculum Vitae and fee schedule of Chris Kim, DC            | PLTF 0379-0381 |
| 8.  | Curriculum Vitae, fee schedule & prior testimony history of Jaswinder Grover, MD | PLTF 0382-0391 |
| 9.  | Curriculum Vitae, fee schedule & prior testimony history of Babuk Ghuman, MD | PLTF 0392-0394 |
| 10. | Curriculum Vitae, fee schedule & prior testimony history of Christopher Fisher, MD | PLTF 0395-0397 |
| 11. | Curriculum Vitae of Ali Badday, MD                           | PLTF 0398-0399 |
| 12. | Licensee Verification of Takesh Sazmand, DO                  | PLTF 0400-0402 |
| 13. | Licensee Verification of Travis Scharnweber, MD              | PLTF 0403-0404 |

Plaintiff reserves the right to introduce as evidence any and all documents and other tangible things identified by Defendant herein.

**2. Defendant's Exhibits**

| 1.  | Incident Report                                               | DEF-0000001 – DEF-0000003 |
|-----|---------------------------------------------------------------|---------------------------|
| 2.  | Customer Statement                                            | DEF-0000004 – DEF-0000005 |
| 3.  | Evidence Report                                               | DEF-0000006 – DEF-0000008 |
| 4.  | Two (2) color copies of photographs taken from the date of the subject incident | DEF-0000009 – DEF-0000010 |
| 5.  | Letter from Sedgwick CMS to Maria Mata dated October 18, 2021 | DEF-0000011 – DEF-0000012 |
| 6.  | Letter from Parish D. Heshmati, Esq. to Registered Agent dated November 3, 2021 | DEF-0000013 |
| 7.  | Letter from Parish D. Hechmati, Esq. to Smith's Food and Drug dated November 3, 2021 | DEF-0000014 – DEF-0000015 |
| 8.  | Letter from Sedgwick CMS to Parish D. Heshmati, Esq. dated November 24, 2021 | DEF-0000016 |
| 9.  | Letter f rom Sedgwick CMS to Parish D. Heshmati, Esq. dated December 15, 2021 | DEF-0000017 |
| 10. | Letter from Ramzy P. Ladah, Esq. to Sedgwick CMS dated January 19, 2022 | DEF-0000018 – DEF-0000020 |
| 11. | Letter from Ramzy P. Ladah, Esq. to Sedgwick CMS dated January 19, 2022 | DEF-0000021 – DEF0000022 |
| 12. | Letter from Sedgwick DMS to Ramzy Paul Ladah, Esq. dated January 20, 2022 | DEF-0000023 |
| 13. | Latter from Ramzy P. Ladah, Esq. to Sedgwick CMS dated June 16, 2023 | DEF-0000024 – DEF-0000031 |
| 14. | Letter from Sedgwick CMS to Ramzy Paul Ladah, Esq. dated June 23, 2023 | DEF-0000032 |

| 15. | One (1) compilation DVD saved by the View Room from the date of the incident: 4A2109C233G – Store 305 – Maria Mata – Date of Loss: 09/12/21 – DXA Files 1 of 1. | Disclosed with Defendant's Initial Disclosure Statement |
|---|---|---|
| 16. | Grocery/GM – Department Safety Requirements | Disclosed with Defendant's Answers to Plaintiff's Interrogatories and Defendant's Response to Plaintiff's Request for Production of Documents |
| 17. | SMITH'S Employee Handbook | Disclosed with Defendant's Answers to Plaintiff's Interrogatories and Defendant's Response to Plaintiff's Request for Production of Documents |
| 18. | SMITH'S #305 Floor Plan | Disclosed with Defendant's Answers to Plaintiff's Interrogatories and Defendant's Response to Plaintiff's Request for Production of Documents |
| 19. | Plaintiff's Answers to Defendant's Interrogatories | |
| 20. | Plaintiff's Response to Defendant's Request for Admissions | |
| 21. | Plaintiff's Response to Defendant's Request for Production | |

Defendant reserves the right to introduce as evidence any and all documents and other tangible things identified by Plaintiff herein. Defendant also reserves to right to introduce a display pallet, similar to the one at-issue herein, as a demonstrative exhibit.

**VIII.**

**STIPULATIONS AS TO EXHIBITS**

The parties anticipate that many of the above-listed exhibits will be pre-admitted by way of stipulation.  However, the parties have not determined, as of this time, which specific exhibits will subject to such stipulation.

. . .

. . .

5

## IX.

### AS TO THE FOLLOWING EXHIBITS, THE PARTY AGAINST WHOM THE SAME WILL BE OFFERED OBJECTS TO THEIR ADMISSION UPON THE GROUNDS STATED

1. Objections to Plaintiff's exhibits: Defendant reserves all objections to Plaintiff's exhibits including, but not limited to, authenticity, foundation, hearsay and relevance. Defendant reserves its right to object to any exhibits as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

2. Objections to Defendant's exhibits: Plaintiff reserves all objections to Defendant's exhibits including, but not limited to, authenticity, foundation, hearsay and relevance. Plaintiff reserves her right to object to any exhibits as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

## X.

### STATEMENT CONCERNING THE USE OF ELECTRONIC EXHIBITS

1. Plaintiff: Plaintiff intends to present evidence in both hard copy and electronic form.

2. Defendant: Defendant intends to present evidence in both hard copy and electronic form.

## XI.

### DEPOSITIONS INTENDED TO BE OFFERED AT TRIAL

1. Plaintiff: None at this time.

2. Defendant: None at this time.

## XII.

### OBJECTIONS TO DEPOSITIONS

1. Plaintiff: Not applicable at this time.

2. Defendant: Not applicable at this time.

. . .

. . .

# XIII.

## THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES AT TRIAL

### A. Plaintiff's Witnesses

1. Plaintiff, MARIA MATA
   c/o LADAH LAW FIRM
   517 S. Third Street
   Las Vegas, NV 89101

2. Person(s) Most Knowledgeable of Defendant,
   SMITH'S FOOD & DRUG CENTERS, INC. dba SMTH'S FOOD & DRUG
   c/o Cooper Levenson PA
   3016 W. Charleston Boulevard
   Las Vegas, NV 89135

3. Julian Santana
   c/o LADAH LAW FIRM
   517 S. Third Street
   Las Vegas, NV 89101

4. Marlene Nahe
   c/o LADAH LAW FIRM
   517 S. Third Street
   Las Vegas, NV 89101

5. Priscilla Rodriguez
   c/o LADAH LAW FIRM
   517 S. Third Street
   Las Vegas, NV 89101

6. Brian Leon
   c/o LADAH LAW FIRM
   517 S. Third Street
   Las Vegas, NV 89101

7. John Peterson, CSHM
   Retail Litigation Consultants LLC
   6620 Buckskin Ave.
   Las Vegas, NV 89108

8. Chris Kim, DC
   And/or PMK and/or Custodian of Records
   ALIGN CHIROPRACTIC
   801 S. Decatur Boulevard
   Las Vegas, Nevada 89107

9.  Jaswinder Grover, MD
    Babuk Ghuman, MD
    Christopher Catapano, DO
    Curtis Boardman, CRNA
    Christopher Fisher, MD
    Nick Zarkos, MD
    And/or PMK and/or Custodian of Records
    NEVADA SPINE CLINIC
    7140 Smoke Ranch Road, Suite 150

10. Babuk Ghuman, MD
    And/or PMK and/or Custodian of Records
    SMOKE RANCH SURGERY CENTER
    7180 Smoke Ranch Road
    Las Vegas, Nevada 89128

11. Ali Badday, MD
    And/or PMK and/or Custodian of Records
    PRECISION DIAGNOSTIC IMAGING
    7140 Smoke Ranch Road, Suite B
    Las Vegas, Nevada 89128

12. Takesh Sazmand, DO
    Travis Scharnweber, MD
    And/or PMK and/or Custodian of Records
    SIMON MED IMAGING
    7455 W. Washington Avenue, Suite 120
    Las Vegas, NV 89128

13. PMK and/or Custodian of Records
    LIEN RX LLC
    5470 W. Sahara Avenue, Suite B
    Las Vegas, NV 89146

14. PMK and/or Custodian of Records
    CVS PHARMACY
    6100 Spring Mountain Road
    Las Vegas, NV 89146

15. PMK and/or Custodian of Records
    DON NOBIS PHYSICAL THERAPY/
    PROGRESSIVE PHYSICAL THERAPY
    801 S. Rancho Drive, Suite F4
    Las Vegas, NV 89106

Plaintiff hereby incorporates all expert witness lists propounded by Defendant and reserves the right to call rebuttal witnesses to any expert witness called by the Defendant at the

time of trial. Plaintiff further reserves the right to name any other witnesses as may be necessary for the purpose of rebuttal and/or impeachment.

**B. Defendant's Witnesses**

1.  Maria Mata, Plaintiff
    c/o LADAH LAW FIRM
    517 SouthThird Street
    Las Vegas, NV 89101
    (702) 252-0055

2.  Julian Santana
    Address Unknown
    (702) 337-9746

3.  Kassandra Merrill
    c/o SMITH'S Store No. 305
    3602 East Bonanza Road
    Las Vegas, NV 89110
    (702) 438-4787

4.  Jeremy Buckley
    c/o SMITH'S Store No. 306
    2255 Las Vegas Blvd. North
    North Las Vegas, NV 89030
    (702) 642-1000

5.  Joseph Lapreta, Director of Store #305, or
    other Knowledgeable Representative of SMITH'S
    c/o COOPER LEVENSON, P.A.
    3016 West Charleston Boulevard - #195
    Las Vegas, NV 89102
    (702) 366-1125

6.  Person(s) Most Knowledgeable
    Align Med
    801 South Decatur Boulevard
    Las Vegas, NV  89107
    (725) 214-7100

7.  Person(s) Most Knowledgeable
    Nevada Spine Clinic
    7140 Smoke Ranch Road – Suite 150
    Las Vegas, NV  89128
    (702) 320-8111

8.  Person(s) Most Knowledgeable
    Smoke Ranch Surgery Center
    7180 Smoke Ranch Road
    Las Vegas, NV  89128
    (702) 483-2270

9.  Person(s) Most Knowledgeable
    SimonMed Imaging
    7455 West Washington Avenue – Suite 120
    Las Vegas, NV  89128
    (702) 433-6455

10. Person(s) Most Knowledgeable
    CVS Pharmacy
    6100 Spring Mountain Road
    Las Vegas, NV  89146
    (702) 364-5232

11. Person(s) Most Knowledgeable
    LienRx
    2600 West Sahara Avenue – Suite 120
    Las Vegas, NV  89102
    (702) 257-2620

12. Person(s) Most Knowledgeable
    American Radiology
    7140 Smoke Ranch Road
    Las Vegas, NV  89128
    (702) 320-8111

Defendant reserves the right to call as a witness any and all witnesses identified by Plaintiff herein.

**XIV.**

**THE PARTIES AND/OR ATTORNEYS HAVE MET AND JOINTLY OFFER THE FOLLOWING THREE TRIAL DATES:**

1.  June 9, 2025;

2.  August 18, 2025; and

3.  September 8, 2025.

. . .

. . .

. . .

## XV.

## TIME FOR TRIAL

It is estimated that the trial will take a total of 5 - 7 full days.

DATED this 27th day of January, 2025.

DATED this 5th day of February, 2025.

**LADAH LAW FIRM**

**COOPER LEVENSON P.A.**

*/s/ Ramzy P. Ladah, Esq.*

*/s/ Scott L. Stonehocker, Esq.*

**RAMZY P. LADAH**
**JOSEPH C. CHU**
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

**JERRY BUSBY**
**SCOTT L. STONEHOCKER**
3016 W. Charleston Boulevard, Suite 195
Las Vegas, NV 89102
*Attorneys for Defendant*

**IT IS HEREBY ORDERED THAT:**

1. **<u>Trial date</u>**.  This case is set down for a JURY trial on the Tuesday, August 12, 2025, 9:00 a.m. two-week trial stack.

2. **<u>Calendar call</u>**.  The parties must appear for Calendar Call on July 28, 2025, at 1:30 p.m.

3. **<u>Length of trial</u>**.  Though the parties have indicated that they anticipate this will be a 5 to 7-day trial, upon review, the court concludes that this case should take no more than 4 full days to try, so the parties should plan and prepare their witness schedules to finish this trial within 4 days, and during voir dire, the court will seek a jury that is time-qualified for 4 days.

4. **<u>Trial documents must be filed by Calendar Call</u>**.  No later than noon on the day before the scheduled Calendar Call, each party must file with the Court: (a) the parties' trial briefs; (b) a list of each party's witnesses; (c) a stipulated exhibit list, and separate exhibit lists for exhibits that are not stipulated (the parties must meaningfully meet and confer to prepare a stipulated exhibit list before this deadline); (d) jointly proposed jury instructions and separate jury instructions for proposed instructions that are not stipulated to; (e) each party's proposed voir dire questions.

5. **<u>Deposition designations due 30 days before trial</u>**.  Any party who anticipates presenting deposition testimony in lieu of live testimony must file (a) page-and-line designations along with (b) a mini version of each relevant deposition transcript at least 30 days before trial; failure to timely file deposition designations will result in the preclusion of the testimony at trial.  **Objections** to such designations must be filed no later than **five calendar days after** the designations are filed; failure to file timely objections to deposition designations renders those objections waived.  **Responses to any such objections are due three calendar days after** the objections are filed.  **Absent**

1

**extraordinary circumstances, no extension of these deadlines will be granted** with or without a stipulation because rulings on such designations are time-consuming and the court requires sufficient time in advance of trial to make them.

6. **Motions in limine**.

      a.    **MIL deadlines**.  Motions in limine (MILs) are due June 13, 2025, and responses are due 14 days later.  These court-ordered deadlines override any deadline contained in a federal or local rule and will not be extended absent extraordinary circumstances.  MIL replies will be allowed only with leave of court, and each side may file only a single request for leave, see L.R. 16-3(a).

      b.    **Additional MIL requirements**.  The process for preparing and filing motions in limine will be governed by the following additional rules and considerations:

          i.    *Meaningful meet-and-confer required*.  As Local Rule 16-3 requires, before any motion in limine is filed, the parties must meet and confer (by telephone or in person not merely by email or some other form of writing) about the substance of each contemplated in-limine issue and attempt to reach an agreement on the issue.  Evidentiary agreements reached during this process must be memorialized by a written stipulation.  If the parties do not reach an agreement on an issue and a motion in limine remains necessary, the motion must be accompanied by a declaration certifying that counsel actually conferred in good faith to resolve the issue before the motion was filed (or re-filed), see L.R. 16-3(a).  The failure to include the certificate of counsel will result in the automatic denial of the motion without the opportunity to cure this deficiency.

ii.    *Only evidentiary issues*.  Motions in limine must address only true evidentiary issues and not be belated motions for dispositive rulings disguised as a motion in limine.

iii.    *Omnibus filing*.  Any party desiring to file motions in limine on multiple issues or requesting multiple rulings must include all in-limine issues in a SINGLE, omnibus motion that numbers each issue consecutively; no party may file multiple, separate motions.  This format eliminates the need for redundant recitations of facts and introductory statements of the law.  If the size of the omnibus motion exceeds the page limit in the local rule, see L.R. 7-3(b), a separate motion to exceed the page limits should be filed contemporaneously with the omnibus motion; the motion to exceed page limits must not be styled as an "emergency."

iv.    *Vague requests prohibited*.  The parties are cautioned that vague requests based on speculative issues, like requests to generally preclude improper attorney arguments, violations of the golden rule, or irrelevant evidence will be flatly denied.  The court intends to follow the rules of evidence and procedure at trial and expects the parties to do the same.  Motions seeking little more than an order enforcing a rule waste the court's time and the parties' resources. Counsel is strongly cautioned that abuse of the motion-in-limine vehicle in this manner may result in sanctions against the attorneys.

This order will govern the trial of this case and may not be amended except by order of the court.

DATED: 2/6/2025

_____
Jennifer A. Dorsey
United States District Judge

3